IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

REINER CABIEDES, #82633-004            *

    Petitioner,                                       *

    v.                                                      *      2:10-CV-957-TMH
                                                                   (WO)
D. BUCHANAN, WARDEN                        *

    Respondent.                                    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241. (*Doc. No. 1*.)

### I. BACKGROUND

Petitioner, Reiner Cabiedes, is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 24-month sentence followed by one year supervised release for his 2009 conviction for Aggravated ID Theft, in violation of 18 U.S.C. § 1028(A)(1). The judgment was imposed by the United States District Court for the Southern District of Florida. In his petition, Petitioner claims that the Federal Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center ("RRC") for the final portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, Respondent has filed an answer in which she

asserts that at the time Petitioner filed his habeas petition, he had not been reviewed for RRC placement. Subsequent to filing the instant petition, Respondent states that Petitioner was reviewed for RRC placement but argues that if Petitioner is not in agreement with the RRC Recommendation, he has not exhausted administrative remedies with respect to his claims. (*Doc. No. 11*.) The court granted Petitioner an opportunity to respond to Respondent's answer. (*Doc. No.12*.) Petitioner has filed no response.

## II. DISCUSSION

In his petition, Petitioner seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007. (*Doc. No. 1*.) Specifically, he requests that this court issue an order directing the BOP "in good faith to consider Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.'" (*Id. at 22*.)

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c). Pursuant to the Act, the BOP staff is required to review inmates for RRC placement 17-19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).[1]  The pleadings before this court reflect that the BOP has

---

[1] When he filed his petition, on November 8, 2010, Petitioner's projected release date was August 28, 2012.

conducted an assessment of Petitioner's suitability for RRC placement and has recommended that he be placed in an RRC for the final six months of his sentence. (*Doc. No. 11, Zeigler Affidavit*.) The pleadings further reflect that Petitioner has not attempted to pursue relief from the BOP's placement determination via the BOP's administrative remedies. Petitioner argues that exhaustion should be excused because it would be futile to pursue the BOP's administrative remedies. (*Doc. No. 1 at 11-18*.) In support of this argument, Petitioner maintains that BOP Director Harley Lappin believes that prisoners placed in an RRC for longer than six months "tend to do worse rather than better," and claims that it costs more to place inmates in an RCC than in a minimum or low security institution. (*Id. at 8, 17*.) Petitioner further argues that the "consideration period under BOP policy of 17-19 months before the projected release date is set to prevent the Petitioner form having ample time for exhaustion of the internal remedies and the taking his issue to court." (*Id. at 20*.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).

If, and only if, an inmate has pursued his administrative remedies may he seek relief in federal court. *Id*. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC. Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court. Moreover, Petitioner has failed to establish that it would be futile to pursue the BOP's administrative remedies. Despite BOP Director Lappin's alleged personal opinion, the BOP's regulations, amended after passage of the Second Chance Act, provide for placement in an RRC for up to 12 months. Relying on the Second Chance Act and 28 C.F.R. § 570.21, the Eleventh Circuit has determined that an inmate "may immediately seek [ ] individual determination [for placement in an RRC up to 12 months] under the administrative procedures currently available to him." *Woodward v. Grayer*, Case No. 08-12851, *7 (11th Cir. Dec. 23, 2008). Accordingly, as the BOP is required by statute and its own regulations to consider Petitioner for placement in an RRC for up to 12 months, Petitioner has failed to demonstrate that it would be futile to exhaust the BOP's available administrative remedies. *See Hayes v. Grayer*, Case No. 1:09cv896-RWS 2009 WL 1473929 (N.D. Ga. May 26, 2009).

Petitioner also complains that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program and that the time required to

exhaust administrative remedies could deprive him of the full time he alleges he is entitled to serve in an RRC. However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review). Petitioner has not established extraordinary circumstances justifying waiver of the exhaustion requirement. Therefore, dismissal of the instant petition for failure to exhaust administrative remedies is warranted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Reiner Cabiedes be DISMISSED without prejudice because Petitioner has failed to exhaust administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 18, 2011**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Petitioner Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

DONE, this 4th day of April, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE